Joseph H. Gellert, J.
This action for breach of contract is brought by Shirley Goldfarb and her husband, Samuel Goldfarb, to recover the amount of $1,159 for which plaintiffs had become indebted to Montefiore Hospital in New Tork City. Plaintiffs and defendant had theretofore entered into a standard hospital insurance contract. Plaintiffs assert that the hospital services rendered are included in the insurance coverage; defendant sets forth the affirmative defense of exclusion by the terms of the contract.
Mrs. Goldfarb was a longtime sufferer of internal pain. Her family physician, plaintiffs’ witness, Dr. Meyer Zodikoff of Newburgh, New Tork, had treated Mrs. Goldfarb in 1964. Dr. Zodikoff testified at the trial before the court that his diagnosis at the time he recommended that plaintiff see a “ specialist ’ ’ was: acute pancreatitis, ulcer and cystic mastitis. Dr. Zodikoff did not refer plaintiff to anyone for treatment but merely approved of her choice of Dr. Julius G. Parker, Chief of Gastroenterology at Montefiore Hospital. The record is unclear as to the specific reason for admittance to Montefiore Hospital on March 6, 1965. That is to say, there was no testimony that the condition had grown more acute at that time. Upon the evidence adduced at trial the court can only find as a matter of fact that Mrs. Goldfarb was admitted to Montefiore for the convenience of Dr. Parker. The admitting diagnosis was recurring pancreatitis; the final diagnosis was recurring pancreatitis and abnormal small bowel pattern. Mrs. Goldfarb was discharged on March 15,1965.
Article 5 (par. A, cl. 4) of the contract relied upon by plaintiffs for relief states for an exclusion that defendant will not pay:
4. For a hospital stay or that period of a hospital stay which is primarily for diagnostic X-ray or laboratory examinations or rehabilitation or any combination thereof, or during which the services rendered to the subscriber are primarily physiotherapy, rehabilitation services or diagnostic studies or any combination thereof. *78 The thrust of this clause and the defense based thereon is twofold. First, was Mrs. Goldfarb’s hospital stay primarily for diagnostic X-ray, or the other excluded services ? Second, were the services rendered, regardless of the original, main reason for hospitalization, primarily diagnostic? If the answer to either question is affirmative then plaintff cannot recover.
The court finds that the objective evidence submitted at trial is conclusive that the services rendered to Mrs. Goldfarb were, regardless of her purpose in entering the hospital, primarily diagnostic. In reaching this conclusion the court refers to the itemized statement of services contained in plaintiffs’ Exhibit No. 2. Without, for the moment, considering the item designated “ Hospital Service Charge ”, the only cost items thereon are: “ Lab (Pathology), Lab (Chemistry), Lab (Serology), Lab (Hematology) and X-Bay”. The laboratory reports in evidence do not indicate that the studies constituted treatment of a particular disease, but were only fact-finding vehicles for future treatment. “ Hospital Service Charge ” was not for purposes of diagnosis. ‘1 Hospital Service Charge ’ ’ includes room, board, floor nursing and drugs. See statement in evidence. The court takes notice that room, board and floor nursing are provided for inpatients regardless of the other services, whether they be treatment or diagnosis. Therefore, with regard to treatment the court can consider only the drugs aspect. A study of the Medication Administration Becord shows only aspirin was given to Mrs. Goldfarb on one occasion. The administration of other medicines, by their appearances on the ‘1 Prn. Stat. Pre-Operative Orders ” sheet appear to be in connection with the laboratory tests. In any event, quantitatively, medically and monetarily the administration of drugs constituted a very minor portion of the hospital services.
The most convincing proof that the services rendered were primarily diagnostic appears in Dr. Parker’s official report to Dr. Zodikoff dated March 26, 1965. This is part of plaintiffs’ Exhibit No. 1 in evidence. Nowhere does it appear that any actual treatment of the pancreas or other organ was carried out at Montefiore Hospital. The report recites the findings of the many tests undergone by Mrs. Goldfarb, and, significantly, ends with a final diagnosis.
Counsel for plaintiffs asserts in a trial memorandum that the contract must be strictly construed against the defendant. With this the court agrees, but this is so where there is doubt or ambiguity with regard to a term in the contract, not where there is doubt with regard to the fact pattern presented. Here the exclusion provision is straightforward and in common usage *79 throughout the New York metropolitan area and elsewhere. The court finds that it is not susceptible to several constructions and as with any such contract provision the signatories thereto are bound “ for better or worse ”.
It is to plaintiffs’ detriment that the precise point as in the case at bar has been oft-litigated. (See Society of New York Hosp. v. Burnstein, 22 A D 2d 768.) Therein the burden of proving that the hospitalization was not for diagnosis and that recovery was not barred by the same exclusion provision was held to rest with plaintiff.
In neither facet of the affirmative defense did the plaintiffs prove inclusion under the terms of the contract. The objective evidence as aforesaid indicates little service other than for diagnosis. The primary purpose for hospitalization, about which Dr. Zodikoff testified, remains unclean. Although technically irrelevant, it having been decided that the services while at the hospital were primarily diagnostic regardless of purpose of admission, the court feels that an examination of the vagueness of the matter of the purpose of admission will be helpful in understanding the great weight of defendant’s case. The cross-examination of Dr. Zodikoff reads, in part, as follows:
Q. Now I ask you again was this hospital stay for any treatment or was it primarly for diagnostic studies? A. From my own knowledge this was supposed to be a hospital stay for treatment. That is why I referred her to New York. Beyond that I am out of control.
Q. Doctor, I would like to ask you once more about the primary purpose of the admission. Were these studies that were done primarily diagnostic studies? A. They may be primarily diagnostic studies. I don’t know anything about the admission. I only know I referred her to New York.
Thus, the ambiguity of this testimony, together with the burden of proof as aforesaid, combines to remove plaintiffs from the contract coverage provision which speaks of the primary reasons for hospitalization.
The objective evidence, especially the full report of services at Montefiore replete as it is with laboratory reports, reports of specimens, ‘1 prep ’ ’ orders, diagnostic radiology reports, blood, urine, stool and gastric analyses, together with the almost total absence of reports of surgery or other affirmative, active treatment of disease, all uphold defendant’s contention of exclusion. Judgment for defendant.