Jacob Markowitz, J.
Plaintiff-respondent was hospitalized from May 28, 1965 to June 1, 1965. A few weeks prior thereto she had a siege of the mumps, and following her recovery complained of abdominal pain. She was examined by a Dr. Kamin who treated her with an antibiotic. On May 28, 1965, pursuant to earlier arrangement, she was admitted to the hospital by Dr. Bloom, Dr. Kamin’s associate, who had discussed the case with Dr. Kamin. It was Dr. Bloom’s testimony that plaintiff was admitted for the afore-mentioned specific complaint, that only by hospitalizing her could he treat this complaint, that hospitalization was warranted by the onset of the pain and the mumps which preceded it, and the treatment prescribed was observation. He was emphatic in his position that he admitted plaintiff for treatment purposes and not diagnosis. While at the hospital, plaintiff was subjected to and received various laboratory tests, X rays and the like.
*433 Defendant-appellant is the issuer of a hospitalization policy covering the plaintiff. It disclaims liability on the basis of the “ Exclusions ” clause in the policy which bars recovery under the policy for hospital stays “ primarily ” for diagnostic studies, rest cures or otherwise unnecessary for 11 proper treatment.”
There is no question that hospitalization for purely diagnostic procedures or for a rest cure is excluded from coverage under the contract. The question here, however, is whether hospitalization for observation purposes may be considered hospitalization for treatment and thus within the ambit of the policy even though incidentally thereto diagnostic tests are made.
It is apparent that observation lies in an area between conventional treatment for an illness and diagnostic studies. In the instant case, plaintiff’s expert testified that the treatment he prescribed for the particular ailment he was consulted for and which was as yet undiagnosed was observation. There are conceivably situations where in a physician’s professional judgment a condition could be alleviated by the watchfulness of specialized personnel who would be at hand to administer whatever treatment was called for when symptoms revealed themselves. While tests and other medical procedures could be simultaneously conducted, it is possible that the patient may primarily be there to avoid anguish, suffering, and perhaps danger, which might befall him were he not hospitalized.
Hospitalization primarily for diagnostic studies is institutionalization for the sake of convenience. Treatment is not necessary; the patient is there because the facilities are, and it is more practical for him to be there. Hospitalization primarily for observation may, as defendant contends, be primarily for diagnosis, but it does not necessarily always have to be so. Expert opinion in this case has established that it was basically treatment procedure. This was sufficient for the trier of the facts to base a finding upon, and such finding, not being against the weight of credible evidence, should not be disturbed.
Defendant’s contention that inclusion of observation in the contract would prove too costly is not relevant here. The cost to a contracting party of an agreement is seldom a factor in considering liability thereunder. Moreover, observation per se is not necessarily within the contract’s orbit for any purpose. It is only where it is the prescribed treatment that it comes within the policy provisions. To hold otherwise, would place in unanticipated peril a patient who enters a hospital at the urging of his physician for treatment of a condition and as to whom it is ultimately concluded that positive ministrations are *434 no longer called for or have by a turn of events become unnecessary. A person covered by hospitalization insurance should be reasonably certain as to his coverage upon entry to the hospital and not face the possibility of loss of coverage merely because idle treatment as opposed to direct treatment was given. It would be a different situation if he were aware from the very beginning that he was primarily going in for diagnostic study or a rest cure.
Defendant’s reliance on Goldfarb v. Associated Hosp. Serv. (55 Misc 2d 76) is unconvincing. There, the court found, on the objective evidence submitted, that the services rendered were primarily diagnostic, regardless of the claimant’s purpose in entering the hospital. It is not the patient’s purpose that should be determinative of the question, it is the physician’s. Here, the physician quite clearly indicated his purpose and the Trial Judge chose to believe. His decision should remain undisturbed.
The judgment should be affirmed, with $25 costs.